IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Serron D. Grizzard,                :

    Plaintiff,             :

  v.                               :    Case No. 2:09-cv-727

Michael J. Astrue, Commissioner    :    JUDGE HOLSCHUH
of Social Security,

    Defendant.             :

## ORDER AND REPORT AND RECOMMENDATION

On August 14, 2009, plaintiff submitted an application to proceed *in forma pauperis* and a complaint against the Commissioner of Social Security. Because the complaint was not signed and had other defects, the Court directed plaintiff to submit a signed complaint stating what type of decision he was appealing, the date the decision was issued, the date he received notice of the decision, and which identified the last four digits of his social security number. Plaintiff filed an amended complaint on August 26, 2009, which cured these defects. Consequently, his motion for leave to proceed *in forma pauperis* (#1) is granted.

In any case where a plaintiff is proceeding *in forma pauperis*, the Court must review the complaint to determine if it states a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2). Plaintiff's complaint seeks judicial review of a final decision of the Commissioner of Social Security denying his application for social security disability benefits and supplemental security income. According to the amended complaint, that decision was made on June 6, 2008, and plaintiff received notice of it on June 12, 2008. He did not file his

original complaint in this Court until August 14, 2009, more than fourteen months later.

There is a short time limit for filing appeals of the denial of social security disability benefits or supplemental security income. Under 42 U.S.C. §405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within **sixty days** after the mailing to him of notice of such decision ..." [Emphasis added]. It does not appear that plaintiff has filed this action within that sixty-day time limit. "While the 60-day restriction is not jurisdictional, Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), §405(g) generally precludes late judicial challenge to the denial of benefits." Willow v. Sullivan, 733 F.Supp. 591, 594 (W.D.N.Y. 1990). This appears to be just such a late challenge, and the Court should not proceed with this case for that reason.

It is therefore recommended that this case be dismissed due to the late filing of the complaint, coming more than sixty days after plaintiff received notice of the decision which he is appealing to this Court, which is outside the time limit set forth in 42 U.S.C. §405(g).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the

findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge