# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **SERRON D. GRIZZARD,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:09-cv-727 |
| **MICHAEL J. ASTRUE, Commissioner** of Social Security, | : | Judge Holschuh |
| Defendant. | : | |

## ORDER

The plaintiff in this case, Serron D. Grizzard, has asked the Court to review an unfavorable decision made by the Commissioner of Social Security. He filed this case on August 14, 2009. Because the complaint was not signed and had other defects, the Court directed Mr. Grizzard to submit a signed complaint stating, among other things, the date of the decision made by the Commissioner. He filed an amended complaint on August 26, 2009 and was subsequently granted leave to proceed *in forma pauperis*.

The Magistrate Judge then conducted an initial screening of the complaint under 28 U.S.C. 1915(e). In a written Report and Recommendation, the Magistrate Judge recommended that this case be dismissed. The basis of that recommendation was that, according to the amended complaint, the decision under review was issued on June 6, 2008, so that more than sixty days had elapsed before Mr. Grizzard sought judicial review of the decision. Sixty days is the time limit set forth in 42 U.S.C. §405(g) for seeking such review; the statute states that "[a]ny individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision ...."

Mr. Grizzard has now filed objections to the Report and Recommendation. In his objections, he clarifies that the decision which was issued on June 6, 2008 was the Administrative Law Judge's decision. He asserts that he then filed a request for review with the Appeals Council, and that his request was denied on March 10, 2009. In a case like this, the

Appeals Council's denial of review is the final decision of the Commissioner which can then be reviewed by this Court.

Mr. Grizzard asserts in his objections that he did comply with the sixty-day time limit for seeking review of an unfavorable decision. However, he apparently means, by that assertion, that he appealed the Administrative Law Judge's decision to the Appeals Council within sixty days. The sixty-day provision set forth in 42 U.S.C. §405(g) prescribes the time within which a social security claimant must appeal any final decision of the Commissioner - in this case, the denial of review by the Appeals Council - to the United States District Court. Here, the Appeals Council's decision was issued on March 10, 2009, but Mr. Grizzard did not file his complaint in this Court until August 14, 2009, some 157 days later (or 97 days late). Even if an additional five days is added to the time period to allow for Mr. Grizzard's receipt of the Appeals Council's decision, see Cook v. Commissioner of Social Security, 480 F.3d 432 (6th Cir. 2007), his complaint was still filed 92 days late. Thus, he has not sought timely review of the Commissioner's decision, and the Court is required to dismiss this case. See Day v. Shalala, 23 F.3d 1052, 1058 (6th Cir. 1994).

For these reasons, the Magistrate Judge's Report and Recommendation is **ADOPTED** and the objections filed by plaintiff (#5) are **OVERRULED**. This case is **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e) for failure to state a claim upon which relief can be granted. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Date: September 17, 2009          **/s/ John D. Holschuh**
                                  John. D. Holschuh, Judge
                                  United States District Court